IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOLDEN GATE WAY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE STEWART, JEANNE'S HAMLIN CLEANERS, JEANNE STEWART dba HAMLIN CLEANERS, TOMMY LEE STEWART, LEONARD A. GROSS PROFESSIONAL CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS AND COUNTER-CLAIMS.<br>_____/ | No. C 09-04458 DMR<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF GOLDEN GATE WAY LLC AND CROSS- DEFENDANTS WILLIAM AND YOLANDA PEACOCK** |

Defendants Gerald Martino and Pauline Kidwell, as trustees of the Martino Family Trust, move for Federal Rule of Civil Procedure 11(b) sanctions against Plaintiff Golden Gate Way and Cross-Defendants William and Yolanda Peacock. [Docket Nos. 164 and 164-1.] The court conducted a hearing on August 11, 2011. Having considered the parties' briefs, accompanying submissions, as well oral argument, the court hereby DENIES Defendants' motion for sanctions and DENIES Plaintiff and Cross-Defendants' request for attorneys' fees.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Golden Gate Way, LLC owns property commonly known as 3421, 3423, and 3425 Golden Gate Way, Lafayette, California 94549 (collectively, the "property"). (Compl. ¶ 1.)[1] Cross-Defendants William and Yolanda Peacock ("the Peacocks"; collectively with Golden Gate Way, "Plaintiffs") purchased 3421 Golden Gate Way on April 6, 1984 and 3425 Golden Gate Way on October 27, 1987. (Compl. ¶¶ 16-17.) The Peacocks owned the parcels until they transferred them to Golden Gate Associates, a general partnership in which they were partners. (Compl. ¶¶ 16-18.) In 2009, Golden Gate Associates transferred ownership of 3421 and 3425 Golden Gate Way to Golden Gate Way, LLC. (Compl. ¶¶ 18, 20.) Defendants Gerald Martino and Pauline Kidwell (collectively, "Martino Defendants") are trustees of the Martino Family Trust, which owned 3421 Golden Gate Way from 1977 until 1984. (Compl. ¶ 13; Martino Defs.' Ans. ¶ 13.)

Plaintiffs filed their original complaint against a number of named and Doe defendants who either owned the parcels or operated businesses on the parcels within the property from approximately 1959 to 1999. Plaintiffs added claims against the Martino Defendants in their Second Amended Complaint filed on October 21, 2010.

Plaintiffs allege that multiple parties operated dry cleaning businesses at 3425 Golden Gate Way from approximately 1959 to 1999, including during the period when the Martino Defendants owned 3421 Golden Gate Way. (Compl. ¶¶ 2-4, 6.) Plaintiffs allege that the dry cleaning businesses used trichloroethylene ("TCE") and perchoroethylene ("PCE"), hazardous substances, in their operations and released those chemicals onto 3425 Golden Gate Way and 3421 Golden Gate Way, contaminating the soil, groundwater, and soil vapor on both parcels. (Compl. ¶ 21.) In August 2008, Plaintiffs discovered and reported the contamination on the property to state and federal agencies, including the Regional Water Quality Control Board, San Francisco Bay Region ("RWQCB"). (Compl. ¶ 23.) The RWQCB directed Plaintiffs to take remedial steps to mitigate the soil vapor intrusion to the property, causing Plaintiffs to incur necessary investigatory and planning

---

[1] The property consists of two adjoining assessor parcels, one of which is commonly referred to as 3423 and 3425 Golden Gate Way, and will be referred to collectively as "3425 Golden Gate Way," and one which will be referred to as "3421 Golden Gate Way." (Compl. ¶ 1.) All references to the complaint refer to Plaintiff's October 21, 2010 Second Amended Complaint. [Docket No. 105.]

costs. (Compl. ¶¶ 24-25.)

Plaintiffs allege that the Martino Defendants owned 3421 Golden Gate Way when hazardous materials were disposed of on the parcel, and that the Martino Defendants failed to clean up and remediate the contamination on the parcel before selling it to them. (Compl. ¶ 22.) Plaintiffs allege that the Martino Defendants are therefore liable for necessary response costs under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.* (2006).

In this motion, the Martino Defendants argue that Rule 11 sanctions against Plaintiffs are warranted because no evidence supports the allegation that disposal of hazardous chemicals occurred at 3421 Golden Gate Way when they owned the parcel. The Martino Defendants seek an order dismissing Plaintiffs' claims against them and attorneys' fees and costs incurred to date as a result of being named in the lawsuit. Plaintiffs seek the attorneys' fees and costs they have incurred in opposing this motion.

**II. LEGAL STANDARD**

Rule 11 provides:

> (b) By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry *reasonable under the circumstances*:
>
> . . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b) (emphasis added). Rule 11 authorizes both monetary and nonmonetary sanctions, but any sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Possible sanctions include "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; [and] referring the matter to disciplinary authorities. . . ." Fed. R. Civ. P. 11 Notes of Advisory

3

Committee on Rules (1993).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). It should be reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id*.

The Ninth Circuit has identified two circumstances where Rule 11 sanctions may be imposed:

> where a litigant makes a "frivolous filing," that is where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or paper for an "improper purpose," such as personal or economic harassment.

*Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987). "Where a *complaint* is in question, the 'improper purpose' analysis is not necessary because a non-frivolous complaint cannot be said to be filed for an improper purpose," and the district court need not look beyond the "frivolous filing" standard. *Id.* at 885-86 (emphasis in original). To determine if a complaint is frivolous, the court must examine (1) whether the complaint is legally or factually baseless from an objective perspective and (2) if the attorney conducted a reasonable and competent inquiry signing and filing it. *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). Thus, a "frivolous" complaint is both baseless and made without reasonable and competent inquiry. *Greenberg*, 822 F.2d at 886.

To determine whether a plaintiff's complaint is frivolous, a court first must determine if the complaint is legally or factually baseless from an objective perspective. *Holgate*, 425 F.3d at 676. "A claim is . . . factually baseless if it lacks factual foundation." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. 04-00689, 2007 WL 6137003, at *3 (C.D. Cal. Apr. 16, 2007) (citing *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997)); *see, e.g., Brubaker v. Richmond Fin. Holding Co.*, 943 F.2d 1363, 1377 (4th Cir. 1991) ("For Rule 11 purposes, the allegation merely must be supported by *some* evidence. Because we are unable to say that plaintiffs had *no* factual basis for their allegation, we cannot conclude that plaintiffs violated Rule 11's factual inquiry requirement.")

4

(emphasis in original). The standard is not a high one. *See Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1987) (reversing award of sanctions where, although evidence was weak and could not survive summary judgment, court could not "say that the complaint [was] so lacking in plausibility as to. . . subject [the attorney] to" Rule 11 sanctions). "[C]ircumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support" for the purposes of Rule 11. *MetLife Bank, N.A. v. Badostain*, 10-CV-118-CWD, 2010 WL 5559693, at *6 (D. Idaho Dec. 30, 2010) (internal citation and quotation marks omitted).

In determining whether Rule 11 sanctions should be imposed, the court does not judge the merits of the action, but rather, determines whether an attorney has abused the judicial process. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Further, Rule 11 should not be used to test the legal sufficiency of a party's claims. Fed. R. Civ. P. 11 Notes of Advisory Committee on Rules (1993) ("[Rule 11 motions] should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.").

### III. DISCUSSION

CERCLA provides for liability, compensation, cleanup, and emergency response for hazardous substances released into the environment. *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001) (en banc). It "imposes strict liability on owners and operators of facilities at which hazardous substances were disposed of." *Id.* at 870 (citing *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1357, 1358 (9th Cir. 1997)). To prevail on their CERCLA claim, Plaintiffs must establish that there has "been a release or threatened release of a hazardous substance," and that the Martino Defendants are "person[s] who at the time of disposal of any hazardous substance owned or operated [²] any facility at which such hazardous substances were disposed of." *3550 Stevens Creek Assocs.*, 915 F.2d at 1359 (citation and internal quotation marks omitted); 42 U.S.C. § 9607(a)(2).

---

[2] Individuals or entities in this group are commonly referred to as "potentially responsible parties" ("PRPs") under CERCLA.

5

The Martino Defendants base their Rule 11 motion upon Plaintiffs' allegation that the Martino Defendants owned 3421 Golden Gate Way at the time hazardous substances were disposed of. The Martino Defendants contend that this assertion lacks evidentiary support and that Plaintiffs failed to conduct a sufficient inquiry regarding the allegation. In response, Plaintiffs contend they conducted the required reasonable inquiry and that there is adequate factual support for the allegation that hazardous substances were disposed of on 3421 Golden Gate Way during the Martino Defendants' ownership of the parcel.

In arguing that no evidence supports Plaintiffs' allegation that hazardous substances were disposed of at 3421 Golden Gate Way during their ownership of that parcel, the Martino Defendants cite to the preliminary results of the RWQCB's investigation, which identify the source of contamination as the dry cleaning businesses that operated at 3425 Golden Gate Way. (Decl. of Amber Craig, Ex. A, May 23, 2011.) The Martino Defendants also point to further investigation by the RWQCB that found the highest levels of contamination in a sump behind the building at 3425 Golden Gate Way. (Craig Decl. Exs. B, C.) The Martino Defendants contend that the only reasonable inference to be drawn from this evidence is that the disposal of hazardous chemicals occurred at 3425 Golden Gate Way and that those chemicals either flowed or leached onto 3421 Golden Gate Way.

While this inference may be reasonable, it is not the only reasonable inference that can be drawn from the evidence given the early stage of the litigation, as well as the fact that this is a complex CERCLA case that spans several decades. It is undisputed that hazardous substances are present in the soil, groundwater and soil vapor at 3421 Golden Gate Way (Craig Decl. Ex. C), and that the Martino Family Trust owned 3421 Golden Gate Way for seven years. Further, a dry cleaning business operated at 3425 Golden Gate Way from approximately 1956 to 1999, including during the Martino Defendants' ownership of the adjacent parcel at 3421 Golden Gate Way. (Craig Decl. Ex. A.) In light of this evidence, the court concludes that it is not unreasonable to infer that a disposal of hazardous substances took place at 3421 Golden Gate Way during the Martino Defendants' ownership of the parcel. Such an inference, reasonably drawn from the undisputed circumstantial evidence, suffices to provide evidentiary support for Plaintiffs' allegation for

purposes of Rule 11. *See MetLife Bank, N.A.*, 2010 WL 5559693, at *6.

Moreover, the Martino Defendants must provide "clear authority to erase . . . the factual underpinning from some essential elements of the litigant's pleading" in order to succeed on their motion. *Greenberg*, 822 F.2d at 887. This they cannot do at this time. Plaintiffs must establish that, *inter alia*, the Martino Defendants fall within one of four classes of PRPs in order to prevail on their CERCLA claim against the Martino Defendants. 42 U.S.C. § 9607(a); *Carson Harbor Village, Ltd.*, 270 F.3d at 870. Plaintiffs allege the Martino Defendants are liable under the second category, "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a).

Under CERCLA, the term "disposal" is defined as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3); *see* 42 U.S.C. § 9601(29) (providing that the term "disposal" under CERCLA has the same meaning as that provided in section 1004 of the Solid Waste Disposal Act, 42 U.S.C. § 6903). A PRP can be liable for a disposal if the PRP knew about or consented to the disposal on the property, even if the PRP did not affirmatively dispose of contaminants. 42 U.S.C. § 9607(q)(1)(A)(i)-(viii).

Resolution of the CERCLA claim will turn upon both the facts showing how and when 3421 Golden Gate Way became contaminated, as well as the determination of whether the release of hazardous substances on 3421 Golden Gate Way qualifies as a "disposal" under CERCLA that can be attributed to the Martino Family Trust. Given the lack of information at this time about the circumstances leading to contamination of 3421 Golden Gate Way, as well as the broad definition of the term "disposal," such issues may appropriately be decided through a motion for summary judgment. *See Safe-Strap Co., Inc.*, 270 F. Supp. 2d 407, 412-17 (S.D.N.Y. 2003) (Rule 11 motion not an appropriate substitute for summary judgment proceedings); *see also New York v. Shore Realty Corp.*, 648 F. Supp. 255, 267-68 (E.D.N.Y. 1986) (Rule 11 sanctions not properly imposed in CERCLA case "when a complicated discovery process would be necessary to determine the

accuracy of the allegations.")

Finally, Plaintiffs seek an award for the reasonable expenses and attorneys' fees incurred in opposing the motion for sanctions. Under Federal Rule of Civil Procedure 11(c)(2), "*If warranted*, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." (emphasis added). The Court does not find that the circumstances of this motion warrant an award of attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Martino Defendants' motion for Rule 11(b) sanctions and DENIES Plaintiffs' request for expenses and attorneys' fees.

IT IS SO ORDERED.

Dated: August 22, 2011



DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE