1  HANSON BRIDGETT LLP
   CATHERINE W. JOHNSON, Bar No. 135070
2  cjohnson@hansonbridgett.com
   MICHAEL J. VAN ZANDT, Bar No. 96777
3  mvanzandt@hansonbridgett.com
   JOHN T. CU, Bar No. 207402
4  jcu@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA 94105
   Telephone:   (415) 995-5835
6  Facsimile:   (415) 995-3598

7  Attorneys for Plaintiff and Cross-Defendants
   Golden Gate Way, LLC and  William and Yolanda
8  Peacock

9              UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

11

12

13  **GOLDEN GATE WAY, LLC, a**          No.  09-CV-04458-DMR
    **California Limited Liability**
14  **Company,**
                                         **JOINT STIPULATION FOR ORDER RE**
15                **Plaintiff,**          **FURTHER EXTENSION OF TIME TO**
                                         **COMPLETE MEDIATION;** ~~**[PROPOSED]**~~
16         **v.**                         **ORDER**

17  **JEANNE STEWART, JEANNE'S**
18  **HAMLIN CLEANERS, JEANNE**           **Complaint Filed:   9/22/09**
    **STEWART dba HAMLIN CLEANERS,**
19  **TOMMY LEE STEWART, LEONARD**
    **A. GROSS, LEONARD A. GROSS**        **[Assigned for All Purposes to Magistrate**
20  **PROFESSIONAL CORPORATION,**         **Judge Donna Ryu]**
    **MARTINO FAMILY TRUST, PAULINE**
21  **F. KIDWELL AND GERALD**
    **MARTINO, TRUSTEES, ESTATE OF**
22  **RONALD MONROE, DECEASED,**
    **ESTATE OF MATTHEW MONROE,**
23  **DECEASED and DOES 1-10,**
    **inclusive,**
24
                  **Defendants.**
25
26  **AND RELATED CROSS-CLAIMS**
    **AND COUNTER-CLAIMS.**
27

28
3717407.1
                                   -1-                    09-CV-04458 DMR
     JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
                              [PROPOSED] ORDER

1   THE PARTIES HEREBY STIPULATE and respectfully request from the Court as

2   follows:

3   WHEREAS this is an action primarily arising under the federal Comprehensive

4   Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C.

5   §§9601, *et seq.*

6   WHEREAS from October 2010 to January 2011, environmental consultants

7   Environmental Resources Management ("ERM") have performed and completed an on-

8   site investigation on the property located at 3421, 3423, and 3425 Golden Gate Way in

9   Lafayette, California, which Plaintiffs allege is consistent with the Workplan that ERM

10  submitted to the San Francisco Bay Regional Water Quality Control Board ("RWQCB")

11  on March 6, 2009, and which the RWQCB approved;

12  WHEREAS ERM's on-site investigation consisted of further collection and analysis

13  of soil vapor and groundwater samples, and installation and analysis of monitoring wells,

14  just to name a few, with the objective of characterizing the occurrence of volatile organic

15  compounds ("VOCs") in the relevant property's soil and groundwater and evaluate the

16  potential for migration of VOCs into indoor air and groundwater;

17  WHEREAS in July 2011 the Regional Water Quality Control Board ("RWQCB")

18  issued a draft Tentative Order, ordering the dischargers named in the order to conduct

19  the following activities, among others:  operate the soil vapor extraction ('SVE") to

20  address human health risks; conduct quarterly monitoring and sampling of groundwater

21  wells and soil vapor probes; define the lateral extent of contamination in groundwater,

22  including sampling of (i) the adjacent property where an apartment building is located;

23  and (ii) property south of Lafayette Creek; conduct indoor air sampling in buildings

24  underneath the groundwater plume; and propose and implement a remedial action plan;

25  WHEREAS pursuant to the Court's Civil Conference Minute Order dated July 13,

26  2011 ("Court's CMC Order"), the Court ordered the Parties to participate in mediation

27  through the Northern District of California ADR Program, and to complete mediation on or

28  before September 30, 2011;

1    WHEREAS pursuant to the Court's CMC Order, on or about August 17, 2011, the

2  Parties agreed to participate in mediation on September 27, 2011, using Mr. Lester Levy

3  of JAMS as mediator.  In attempting to schedule the mediation, Plaintiff Golden Gate

4  Way LLC and Cross-defendant William Peacock and Yolanda Peacock (collectively

5  "Plaintiffs") , through their counsel attempted several times to contact Defendant Gross to

6  remind him of his obligation to participate in mediation pursuant to the Court's CMC

7  Order;

8    WHEREAS the RWQCB's draft Tentative Order named Defendant Leonard Gross

9  as a "discharger" under the Porter-Cologne Act;

10    WHEREAS sometime in late August 2011, Defendant Gross contacted counsel for

11  Plaintiffs  to inform counsel that he could not and will not participate in the mediation due

12  to health reasons.  Plaintiffs' counsel reminded Defendant Gross that he was indeed

13  ordered by the Court to participate in mediation and that if he could not physically

14  participate in mediation, it is recommended that he retain counsel or have an authorized

15  agent on his behalf appear for the mediation with authority to achieve settlement on his

16  behalf;

17    WHEREAS on September 8, 2011, Defendant Gross, through a letter from his

18  son, informed the Court and Parties that he would not participate in mediation scheduled

19  for September 27, 2011;

20    WHEREAS the Parties, particularly Plaintiffs and Defendants Jeanne Stewart,

21  Jeanne's Hamlin Cleaners, Jeanne Stewart dba Hamlin Cleaners, and Tommy Lee

22  Stewart, believe that Defendant Gross is a significant potentially responsible party to this

23  action and is therefore a vital party to any settlement in this action;

24    WHEREAS on September 19, 2011, the Parties except Defendant Gross

25  participated in a conference call with the mediator Lester Levy.  Two days later, on

26  September 21, 2011, the Parties received a letter from Mr. Levy's case assistant, Patricia

27  Usak, who informed the Parties that after Mr. Levy spoke with the ADR Program clerk,

28  Ms. Robin Seifkin, it has been suggested that the mediation should be postponed due in

3717407.1
JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
[PROPOSED] ORDER

1    large part to Defendant Gross' inability or failure to participate;

2           WHEREAS on a conference call among and between the Parties (except

3    Defendant Gross) and Ms. Seifkin on September 26, 2011, it was decided that the

4    Parties submit either an ex parte motion to continue the hearing or a joint stipulation to do

5    the same, assuming the Parties are able to obtain Mr. Gross' consent to stipulate; and

6           WHEREAS on September 27, 2011, counsel for Plaintiffs spoke over telephone

7    with Defendant Gross and during this conversation Defendant Gross represented that he

8    does not object to continuing the mediation deadline as proposed in this Stipulation.

9           NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties—

10   and the Parties hereby respectfully request that the Court enter as its order—the

11   following:

12          (1)     The mediation deadline date of September 30, 2011 is vacated;

13          (2)     The Parties shall *participate* in mediation and the time to complete

14   mediation in this action is extended up to and including November 30, 2011;

15          (3)     The parties are directed to seek a new mediation date through the

16   Court's ADR Program;

17          (4)     Consistent with the Court's CMC Order dated July 13, 2011, prior to

18   completion of mediation on or before November 18, 2011, "discovery shall be limited to

19   written discovery, plus depositions as follows:  the parties may take 1 deposition per party

20   group (e.g., one deposition may be taken of the Hamlin/Stewart party group, Martino

21   party group, etc., for a total of five depositions."

22          (5)     Consistent with the Court's CMC Order, as of December 1, 2011, all

23   previously imposed discovery limitations shall be deemed lifted; and

24          (6)     At least 10 days in advance of the due date for the submission of

25   mediation briefs that will be set by the mediator, Plaintiffs shall provide detailed cost

26   information to each party in the form of a spreadsheet setting forth investigative costs

27   (incurred and future), costs of remediation (incurred and future), and projected costs for

28   future monitoring, to the extent these amounts differ from the cost information provided

3717407.1
                                              -4-                        09-CV-04458 DMR
                 JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
                                        [PROPOSED] ORDER

1  by Plaintiff to the Parties in preparation for the mediation previously set for September 27,

2  2011.

3  <u>**SIGNATURES UNDER GENERAL ORDER NO. 45**</u>

4        Pursuant to General Order No. 45 of the United States District Court Northern

5  District of California, I, John T. Cu, the ECF User whose User ID and Password are used

6  in the filing of this document hereby attest that the concurrence of the filing of this

7  document has been obtained from each of the other signatories to this document.

8
9  DATED:  September 29, 2011              HANSON BRIDGETT  LLP

10  By: /S/ John T. Cu_____
      JOHN T. CU
      Attorneys for Plaintiff

11        Golden Gate Way, LLC
      Cross-Defendants

12        William and Yolanda Peacock

13  WOOD SMITH HENNING & BERMAN

14  DATED:  September 29, 2011

15  By:/S./ David Ferguson Wood_____
      DAVID FERGUSON WOOD
      MATTHEW KOVACS

16        Attorneys for Defendants

17        Jeanne Stewart, Jeanne's Hamlin
      Cleaners, Jeanne Stewart dba Hamlin
      Cleaners and Tommy Lee Stewart

18  DATED:  September 29, 2011           FELDMAN LAW GROUP

19
20  By:/S/ Aaron R. Feldman_____
      AARON R. FELDMAN

21        Attorneys for Cross-Defendant
      Joy Lou Monroe

22
23
24
25
26
27
28

3717407.1

JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
[PROPOSED] ORDER

1    DATED:  September 29, 2011                    OPPER & VARCO LLP

2                                                 By: /S/ Linda C. Beresford

3                                                    LINDA C. BERESFORD
                                                     SUZANNE R. VARCO
4                                                    Attorneys for Cross-Defendant
                                                     Scott Monroe
5
     Dated:  September 29, 2011                    ARMSTRONG & ASSOCIATES
6
7                                                 By:/S/ Amber Craig

8                                                    WILLIAM H. ARMSTRONG
                                                     AMBER CRAIG
9                                                    Attorneys for Defendants
                                                     Martino Family Trust
10

11   PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13

14   DATED this _____ day of _____, 2011   _____
                                                  Honorable Donna Ryu
15                                                Magistrate Judge of the Federal District
                                                  Court for the Northern District of
16                                                California

17

18

19

20

21

22

23

24

25

26

27

28

3717407.1

JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
[PROPOSED] ORDER