HANSON BRIDGETT LLP
CATHERINE W. JOHNSON, Bar No. 135070
cjohnson@hansonbridgett.com
MICHAEL J. VAN ZANDT, Bar No. 96777
mvanzandt@hansonbridgett.com
JOHN T. CU, Bar No. 207402
jcu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:  (415) 995-5835
Facsimile:   (415) 995-3598

Attorneys for Plaintiff and Cross-Defendants
Golden Gate Way, LLC and William and Yolanda Peacock

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| GOLDEN GATE WAY, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE STEWART, JEANNE'S HAMLIN CLEANERS, JEANNE STEWART dba HAMLIN CLEANERS, TOMMY LEE STEWART, LEONARD A. GROSS, LEONARD A. GROSS PROFESSIONAL CORPORATION, MARTINO FAMILY TRUST, PAULINE F. KIDWELL AND GERALD MARTINO, TRUSTEES, ESTATE OF RONALD MONROE, DECEASED, ESTATE OF MATTHEW MONROE, DECEASED and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS AND COUNTER-CLAIMS. | No. 09-CV-04458-DMR<br><br>**JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;** ~~[PROPOSED]~~ **ORDER**<br><br>Complaint Filed: 9/22/09<br><br>[Assigned for All Purposes to Magistrate Judge Donna Ryu] |

1    THE PARTIES HEREBY STIPULATE and respectfully request from the Court as
2 follows:
3    WHEREAS this is an action primarily arising under the federal Comprehensive
4 Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C.
5 §§9601, *et seq*.
6    WHEREAS from October 2010 to January 2011, environmental consultants
7 Environmental Resources Management ("ERM") have performed and completed an on-
8 site investigation on the property located at 3421, 3423, and 3425 Golden Gate Way in
9 Lafayette, California, which Plaintiffs allege is consistent with the Workplan that ERM
10 submitted to the San Francisco Bay Regional Water Quality Control Board ("RWQCB")
11 on March 6, 2009, and which the RWQCB approved;
12    WHEREAS ERM's on-site investigation consisted of further collection and analysis
13 of soil vapor and groundwater samples, and installation and analysis of monitoring wells,
14 just to name a few, with the objective of characterizing the occurrence of volatile organic
15 compounds ("VOCs") in the relevant property's soil and groundwater and evaluate the
16 potential for migration of VOCs into indoor air and groundwater;
17    WHEREAS in July 2011 the Regional Water Quality Control Board ("RWQCB")
18 issued a draft Tentative Order, ordering the dischargers named in the order to conduct
19 the following activities, among others:  operate the soil vapor extraction ('SVE") to
20 address human health risks; conduct quarterly monitoring and sampling of groundwater
21 wells and soil vapor probes; define the lateral extent of contamination in groundwater,
22 including sampling of (i) the adjacent property where an apartment building is located;
23 and (ii) property south of Lafayette Creek; conduct indoor air sampling in buildings
24 underneath the groundwater plume; and propose and implement a remedial action plan;
25    WHEREAS pursuant to the Court's Civil Conference Minute Order dated July 13,
26 2011 ("Court's CMC Order"), the Court ordered the Parties to participate in mediation
27 through the Northern District of California ADR Program, and to complete mediation on or
28 before September 30, 2011;

1    WHEREAS pursuant to the Court's CMC Order, on or about August 17, 2011, the
2 Parties agreed to participate in mediation on September 27, 2011, using Mr. Lester Levy
3 of JAMS as mediator.  In attempting to schedule the mediation, Plaintiff Golden Gate
4 Way LLC and Cross-defendant William Peacock and Yolanda Peacock (collectively
5 "Plaintiffs") , through their counsel attempted several times to contact Defendant Gross to
6 remind him of his obligation to participate in mediation pursuant to the Court's CMC
7 Order;
8    WHEREAS the RWQCB's draft Tentative Order named Defendant Leonard Gross
9 as a "discharger" under the Porter-Cologne Act;
10    WHEREAS sometime in late August 2011, Defendant Gross contacted counsel for
11 Plaintiffs  to inform counsel that he could not and will not participate in the mediation due
12 to health reasons.  Plaintiffs' counsel reminded Defendant Gross that he was indeed
13 ordered by the Court to participate in mediation and that if he could not physically
14 participate in mediation, it is recommended that he retain counsel or have an authorized
15 agent on his behalf appear for the mediation with authority to achieve settlement on his
16 behalf;
17    WHEREAS on September 8, 2011, Defendant Gross, through a letter from his
18 son, informed the Court and Parties that he would not participate in mediation scheduled
19 for September 27, 2011;
20    WHEREAS the Parties, particularly Plaintiffs and Defendants Jeanne Stewart,
21 Jeanne's Hamlin Cleaners, Jeanne Stewart dba Hamlin Cleaners, and Tommy Lee
22 Stewart, believe that Defendant Gross is a significant potentially responsible party to this
23 action and is therefore a vital party to any settlement in this action;
24    WHEREAS on September 19, 2011, the Parties except Defendant Gross
25 participated in a conference call with the mediator Lester Levy.  Two days later, on
26 September 21, 2011, the Parties received a letter from Mr. Levy's case assistant, Patricia
27 Usak, who informed the Parties that after Mr. Levy spoke with the ADR Program clerk,
28 Ms. Robin Seifkin, it has been suggested that the mediation should be postponed due in

1  large part to Defendant Gross' inability or failure to participate;

2      WHEREAS on a conference call among and between the Parties (except
3  Defendant Gross) and Ms. Seifkin on September 26, 2011, it was decided that the
4  Parties submit either an ex parte motion to continue the hearing or a joint stipulation to do
5  the same, assuming the Parties are able to obtain Mr. Gross' consent to stipulate; and

6      WHEREAS on September 27, 2011, counsel for Plaintiffs spoke over telephone
7  with Defendant Gross and during this conversation Defendant Gross represented that he
8  does not object to continuing the mediation deadline as proposed in this Stipulation.

9      NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties—
10  and the Parties hereby respectfully request that the Court enter as its order—the
11  following:

12      (1)    The mediation deadline date of September 30, 2011 is vacated;

13      (2)    The Parties shall *participate* in mediation and the time to complete
14  mediation in this action is extended up to and including November 30, 2011;

15      (3)    The parties are directed to seek a new mediation date through the
16  Court's ADR Program;

17      (4)    Consistent with the Court's CMC Order dated July 13, 2011, prior to
18  completion of mediation on or before November 18, 2011, "discovery shall be limited to
19  written discovery, plus depositions as follows: the parties may take 1 deposition per party
20  group (e.g., one deposition may be taken of the Hamlin/Stewart party group, Martino
21  party group, etc., for a total of five depositions."

22      (5)    Consistent with the Court's CMC Order, as of December 1, 2011, all
23  previously imposed discovery limitations shall be deemed lifted; and

24      (6)    At least 10 days in advance of the due date for the submission of
25  mediation briefs that will be set by the mediator, Plaintiffs shall provide detailed cost
26  information to each party in the form of a spreadsheet setting forth investigative costs
27  (incurred and future), costs of remediation (incurred and future), and projected costs for
28  future monitoring, to the extent these amounts differ from the cost information provided

by Plaintiff to the Parties in preparation for the mediation previously set for September 27, 2011.

**SIGNATURES UNDER GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the United States District Court Northern District of California, I, John T. Cu, the ECF User whose User ID and Password are used in the filing of this document hereby attest that the concurrence of the filing of this document has been obtained from each of the other signatories to this document.

DATED: September 29, 2011　　　　　　　　HANSON BRIDGETT LLP

By: /S/ John T. Cu
　　JOHN T. CU
　　Attorneys for Plaintiff
　　Golden Gate Way, LLC
　　Cross-Defendants
　　William and Yolanda Peacock

　　　　　　　　　　　　　　　　　　　　　WOOD SMITH HENNING & BERMAN

DATED: September 29, 2011

By:/S./ David Ferguson Wood
　　DAVID FERGUSON WOOD
　　MATTHEW KOVACS
　　Attorneys for Defendants
　　Jeanne Stewart, Jeanne's Hamlin
　　Cleaners, Jeanne Stewart dba Hamlin
　　Cleaners and Tommy Lee Stewart

DATED: September 29, 2011　　　　　　　　FELDMAN LAW GROUP

By:/S/ Aaron R. Feldman
　　AARON R. FELDMAN
　　Attorneys for Cross-Defendant
　　Joy Lou Monroe

1  DATED:  September 29, 2011					OPPER & VARCO LLP

2							By: /S/ Linda C. Beresford
3							LINDA C. BERESFORD
							SUZANNE R. VARCO
4							Attorneys for Cross-Defendant
							Scott Monroe
5
   Dated:  September 29, 2011					ARMSTRONG & ASSOCIATES
6
							By:/S/ Amber Craig
7							WILLIAM H. ARMSTRONG
							AMBER CRAIG
8							Attorneys for Defendants
							Martino Family Trust
9

10

11 PURSUANT TO STIPULATION, IT IS SO ORDERED.

12							[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Donna M. Ryu]

13 DATED this ____ day of _____, 2011		_____
14							Honorable Donna Ryu
							Magistrate Judge of the Federal District
15							Court for the Northern District of
							California
16

17

18

19

20

21

22

23

24

25

26

27

28

3717407.1

-6-                                                              09-CV-04458 DMR

JOINT STIPULATION FOR ORDER RE FURTHER EXTENSION OF TIME TO COMPLETE MEDIATION;
[PROPOSED] ORDER