United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE WAY, LLC, | No. C 09-04458 DMR |
| Plaintiff, | **ORDER APPOINTING GUARDIAN AD LITEM FOR DEFENDANT LEONARD A. GROSS** |
| v. | |
| STEWART ET AL, | |
| Defendants. | |

Before the court is Plaintiff Golden Gate Way, LLC's Motion to Appoint a Guardian Ad Litem for Defendant Leonard A. Gross ("Gross"). [Docket No. 277.] For the following reasons, Plaintiff's motion is GRANTED.

**I. Background**

On August 8, 2011, Plaintiff filed a motion to compel further responses to discovery as to Defendants Gross and Leonard A. Gross Professional Corporation ("LAGPC," collectively, "the Gross Defendants"), as well as a motion for sanctions ("discovery motions"), on the grounds that those defendants had failed to respond properly to Plaintiff's discovery.[1] [Docket Nos. 192, 194.]

---

[1] In December 2009, Gross substituted himself as counsel for the Gross Defendants. [Docket No. 138.] In December 2011, the court learned that Gross was no longer an active member of the California Bar and thus LAGPC was in violation of Local Rule 3-9(b), which provides that a corporation may only appear through a member of the bar of this court. The court subsequently ordered LAGPC to retain counsel. [Docket No. 233.] LAGPC failed to do so, and on January 20, 2012, default was entered as to that entity.

On the same day the court issued an order setting a hearing on the discovery motions, Gross submitted a letter dated August 4, 2012 from his physician, Ravi Arora, M.D., which stated that Gross had been diagnosed with lymphoma. [Docket No. 200.] In the letter, Dr. Arora requested that Gross be "off work" starting on August 3, 2011 while he was "undergoing active treatment which could last up to or greater than 4 months." Thereafter, Gross' son, Barry Gross, submitted a letter dated September 8, 2011 to the court, to which he attached Dr. Arora's August 4, 2011 letter. [Docket No. 207.] In his letter, Barry Gross stated that Gross had recently started medical treatment for his condition that rendered him unable to go out in public for an approximate four month period, and informed the court that Gross would "not be responding or appearing during his treatment period."

Upon receipt of Barry Gross' letter, the court issued an order vacating the hearing date on the discovery motions and subsequently set a hearing regarding Gross. On October 19, 2011, the court conducted a hearing during which it questioned Barry Gross and Gross by telephone regarding Gross' physical and mental health and his ability to participate meaningfully in this litigation. During the hearing, Gross and Barry Gross informed the court about Gross' age (93 years old) and numerous health problems, including his treatment for lymphoma, ongoing fatigue and problems with breathing, mobility, memory and attention span. The court subsequently ordered the parties to submit briefing regarding Gross' participation in this litigation, which the parties submitted on November 18, 2011. [Docket No. 231.] .

On December 7, 2011, the court issued an order resetting the hearing and briefing schedule on Plaintiff's discovery motions, setting a hearing on February 2, 2012 and granting the Gross Defendants leave to file late opposition briefs to the discovery motions. No opposition was received. On February 1, 2012, Barry Gross submitted a letter to the court indicating that Gross would be available by telephone for the February 2, 2012 hearing on the discovery motions. [Docket No. 248.] On February 2, 2012, the court attempted to connect Gross for the hearing by telephone, but Gross informed the court that he was having trouble breathing and thus could not participate, and disconnected the line.

1  On February 6, 2012, in light of the court's ongoing concerns regarding Gross' competence
2  and his ability to adequately protect himself in this litigation,[2] the court ordered Gross to submit a
3  detailed letter from his primary treating physician, addressing several questions aimed at assessing
4  whether Gross was mentally and physically competent to understand and meaningfully participate as
5  a party to a lawsuit, and to serve as his own counsel. [Docket No. 250.] The court also ordered
6  Gross to submit copies of his medical records from his primary care provider from January 1, 2011
7  to the present. In addition, as Gross had repeatedly represented to the court that he was financially
8  unable to retain an attorney, the court ordered him to file a sworn declaration providing details about
9  his financial status.

10  On March 12, 2012, Barry Gross submitted a letter from Samuel Dong, MD, Gross' primary
11  care physician, and the requested medical records, which were filed under seal, as well as a
12  declaration from Gross regarding his finances, which was not filed under seal. [Docket Nos. 265,
13  266.] On March 14, 2012, the court held a further case management conference in this matter and
14  ordered Plaintiff and the Stewart Cross-Defendants to file a motion for appointment of a guardian ad
15  litem for Gross. [Docket No. 271.] On March 15, 2012, the court referred Gross to the Federal Pro
16  Bono Project and stayed the action for 30 days while the Project attempted to locate counsel for
17  Gross. [Docket No. 268.] On April 4, 2012, the court appointed William Tarantino counsel for
18  Gross for the limited purpose of representing him in the course of ADR and extended the stay in the
19  case to May 2, 2012. [Docket No. 276.]

**II. Appointment of Guardian Ad Litem for Defendant Gross**

21  On April 20, 2012, Plaintiff filed a motion to appoint a guardian ad litem for Gross pursuant
22  to Federal Rule of Civil Procedure 17(c). [Docket No. 277.] The hearing on Plaintiff's motion was
23  continued to September 27, 2012 by agreement of the parties [Docket 281, 283], with any opposition
24  to the motion due on August 31, 2012. Gross did not submit any opposition to the motion. On
25  September 7, 2012, the court issued a tentative ruling finding Gross incompetent, appointing his son,

---

[2] Gross has also failed to appear for two Case Management Conferences, and has been the subject of, and responded to, two separate Orders to Show Cause regarding his failures to appear. [Docket Nos. 146, 179, 184.]

3

1  Barry Gross, as guardian ad litem, and ordering that any objections to the tentative ruling be filed by
2  September 12, 2012. [Docket No. 287.] On September 12, 2012, Gross filed an objection, but only
3  objected to that portion of the tentative ruling regarding the appointment of Barry Gross as his
4  guardian ad litem, on the grounds that Barry Gross had indicated that he was not willing to serve.
5  [Docket No. 288.] Gross did not object to the court's tentative ruling finding him incompetent.

### A. Legal Standard

Federal Rule of Civil Procedure 17 governs the capacity of parties to sue or be sued. The rule directs courts to look to the law of the state of the individual's domicile to determine whether a party has capacity to participate as a party in the litigation. Fed. R. Civ. P. 17(b)(1). In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case. *See In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001) (applying this standard to dependency proceedings); *see also* Cal. Code Civ. Proc. § 372; *In re Sara D.*, 87 Cal. App. 4th 661, 666-67 (2001).

Rule 17 also provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. P. 17(c). The rule "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation. Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). When a "substantial question exists regarding the mental competence of a party proceeding pro se," the preferred procedure "is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989); *see also Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). If an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain*, 880 F.2d 1119 at 1121 (citation omitted). A guardian ad litem may be appointed for an

1 incompetent adult only (1) if he or she consents to the appointment or (2) upon notice and hearing.
2 *Jessica G.*, 93 Cal. App. 4th at 1187-88.

### B. Analysis

Upon review of the medical records submitted on behalf of Gross, as well as the court's observations of Gross' actions over the course of this litigation, the court concludes that Gross does not have the capacity to participate in this litigation in any meaningful fashion, nor is he able to assist counsel in the preparation of his defense in this case. Gross, who is 94 years old, is suffering from stage four lymphoma and is presently under hospice care. He is maintained on constant oxygen, and his physician stated that he is weak, forgetful, and confused at times.

Gross, now represented by counsel, received notice of this proceeding and did not file any objections to the court's tentative ruling finding him incompetent, nor did any other party. Accordingly, the court adopts its tentative ruling and finds that Gross is incompetent to act on his own behalf in this matter. Further, the court hereby appoints Barry Gross as Gross' guardian ad litem for the purposes of the protection and advancement of his rights in this action. Barry Gross is an appropriate person to serve as guardian ad litem, as he is Gross' son, has previously assisted his father in this litigation, and is an attorney. Further, at the hearing on this matter, Gross' attorney indicated that Barry Gross is now willing to serve as his father's guardian ad litem and would accept such an appointment by the court.

### III. Plaintiff's Discovery Motions

On February 6, 2012, the court issued an order holding in abeyance Plaintiff's discovery motions pending a ruling on Gross' competence. [Docket No. 250.] As Gross is now represented by a guardian ad litem and an attorney, the court hereby orders him to respond to the written discovery at issue in Plaintiff's discovery motions by no later than October 29, 2012. Plaintiff's discovery motions are hereby denied without prejudice.

IT IS SO ORDERED.

Dated: September 28, 2012



DONNA M. RYU
United States Magistrate Judge

5