UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE WAY, LLC, | No. C-09-04458 DMR |
| Plaintiff(s), | **THIRD AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY / COURT TRIAL** |
| v. | |
| STEWART ET AL, | |
| Defendant(s). | |

1. FURTHER CASE MANAGEMENT CONFERENCE

   This case is set for further case management conference on **3/5/2014** at **1:30 p.m.** Updated joint case management conference statement is due by **2/26/2014**.

2. TRIAL DATE

   a. Jury trial will begin on **1/26/2015** at **9:00 a.m.** at the U.S. District Court, 1301 Clay Street, Oakland, California. For courtroom number and floor information, please check the Court's on-line calendar at www.cand.uscourts.gov one week prior to trial, or call Ivy Garcia (Judge Ryu's Courtroom Deputy) at (510) 637-3639.

   b. The length of the trial will be not more than **10** days. The Court may shorten the allotted time as it deems appropriate, and may also allocate a fixed number of hours for each side. Court hours for trial normally are 9:00 a.m. to 3:00 p.m., subject to the Court's availability.

3. DISCOVERY AND EXPERT DISCLOSURES

   a. All non-expert discovery shall be completed by **8/15/2014.**

United States District Court — For the Northern District of California

1  b. All discovery from experts shall be completed by **8/15/2014.**

4. MOTIONS

The last day for **hearing** dispositive motions shall be **10/9/2014** at **11:00 a.m.**

5. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

The parties are ordered to participate in mediation through the Northern District of California ADR program, which shall be completed **by no later than 2/28/2014,** or as soon thereafter as is convenient to the assigned mediator's calendar.

6. PRETRIAL CONFERENCE

a. A pretrial conference shall be held on **1/14/2015** at **3:00 p.m. Lead counsel who will try the case (or the party if *pro se*) must attend.** The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

b. **By 12/16/2014**, lead counsel shall meet and confer regarding:

(1) Preparation and content of the joint pretrial conference statement;

(2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

(3) Settlement of the action.

c. **By 12/23/2014,** counsel and/or parties shall:

(1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

(a) *The Action.*

(i) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

(ii) Relief Prayed. A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

| | | | |
|---|---|---|---|
| 1 | (b) | *The Factual Basis of the Action.* | |
| 2 | | (i) | Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits. |
| 6 | | (ii) | Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided. |
| 8 | | (iii) | Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts. |
| 10 | | (iv) | Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes. |
| 12 | (c) | *Disputed Legal Issues.* | |
| 13 | | | Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions. |
| 16 | (d) | *Trial Preparation.* | |
| 17 | | (i) | Witnesses to Be Called.  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given. |
| 21 | | (ii) | Estimate of Trial Time.  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits. |
| 26 | | (iii) | Use of Discovery Responses.  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions |

specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

  (e) *Trial Alternatives and Options.*

    (i) <u>Settlement Discussion.</u> A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (ii) <u>Amendments, Dismissals.</u> A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

  (f) *Miscellaneous.*

  Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission). If tried to a jury, the parties shall also serve and file proposed voir dire questions, jury instructions and verdict forms. The parties shall submit proposed jury instructions **jointly**. If there are any instructions on which the parties cannot agree, those instructions may be submitted separately. The parties shall submit a **jointly prepared** proposed form of verdict, or, if the parties cannot agree, their respective proposals;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

|   |   |
|---|---|
| 1 | (5) Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use umbers; |
| 2 | defendant shall use letters) and <u>tabbed</u>; and |
| 3 | (6) Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be |
| 4 | filed). |

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the Court and for good cause.

    d.  **By <u>1/5/2014</u>**, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) if appropriate, any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion <u>in limine</u>. No replies shall be filed.

    e.  All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

7. <u>JURY TRIAL</u>

<u>The following provisions will apply if it is determined that the case should be tried to a jury.</u>

    a.  The attached voir dire questionnaire (or similar) shall be given or presented to the venire members to be answered orally in Court. Counsel shall submit an <u>agreed upon set</u> of additional voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

    b.  The following jury instructions from the <u>Ninth Circuit Manual of Model Civil Jury Instructions</u> (available on the Ninth Circuit website at www.ce9.uscourts.gov) shall be given absent objection: 1.1-1.2, 1.6-1.14, 1.18, 2.11, 3.1-3.3. Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based <u>and</u> a reference to the party submitting it. A second blind copy of

each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

8. All documents filed with the Clerk of the Court shall list the civil case number followed by the initials "DMR". One copy shall be clearly marked as a <u>chambers</u> copy. Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders. In addition, Counsel shall email copies of all proposed jury instructions, motions in limine, forms of verdict and trial briefs in a standard word processing format (and not .pdf format) to dmrpo@cand.uscourts.gov.

Dated: 9/16/2013

_____
DONNA M. RYU
United States Magistrate Judge

**JUROR QUESTIONNAIRE**

Please stand and recite the information listed below.

1. Name
2. City of Residence
3. Occupational Status
4. Organizations
5. Hobbies
6. Marital Status
7. Spouse's Occupation
8. Children, Ages
9. If Juror on Another Case
10. If Ever a Grand Juror
11. If Ever in Military